CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED for Roanoke
JUN 10 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID RAY BARBOUR, | ) | Civil Action No. 7:10-cv-00153 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SGT. L. L. DAVIS, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Plaintiff David Ray Barbour, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names a correctional officer at a state correctional facility as the sole defendant. Plaintiff alleges that the defendant told him to eat a meal with bugs in it and threatened to harm him, all in violation of the Eighth Amendment. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint as frivolous.

I.

Plaintiff alleges the following facts in his complaint. On April 4, 2010, the defendant sent plaintiff food with bugs in it. Defendant told plaintiff that he can either eat the meal or forgo the meal. Plaintiff told defendant that he was going to file a complaint against her, and the defendant called plaintiff names and threatened to hurt him. Plaintiff seeks damages and a prison transfer.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490

U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D. N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or

reprehensible, cannot form the basis for a § 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). Furthermore, plaintiff's complaint about having bugs in a single meal or missing a single meal does not contravene the protections of the Eighth Amendment because missing one meal is not a serious basic deprivation of a basic human need. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (holding that deliberate indifference is not shown by pointing to a single, isolated incident). See also Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991) (stating elements for an Eighth Amendment violation are (1) a serious deprivation of a basic human need and (2) deliberate indifference to prison conditions by a prison official). Notably, plaintiff does not provide any indication of any possible resulting physical harm. See Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). Accordingly, I dismiss the complaint without prejudice as frivolous for pursuing indisputably meritless legal theories. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming dismissal of Eighth Amendment claim about missing one meal as frivolous and indisputably meritless).

III.

For the foregoing reasons, I dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 10th day of June, 2010.

Senior United States District Judge

3